

**ORIGINAL**

JURY DEMANDED


Case No.  2:18cv00893-AC


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

————————————


Glenn E. Leonard,

                   Plaintiff,

       vs.


COLLETTE PETERS, Director of the Oregon
      Department of Corrections;

DAVE PEDRO, Former Operations Captain
  at Two Rivers Correctional Institution;

[]ARCHER, Former Correctional Lt. at
  Two Rivers Correctional Institution;

STEVE BRUCE, Former T.R.C.I. Housing Sgt.;


————————————


42 U.S.C. § 1983

CIVIL RIGHTS COMPLAINT



I.

JURISDICTIONAL ALLEGATION IN ACTION BROUGHT PURSUANT

TO 28 U.S.C. §§ 1331 and 1343

This action arises under the First, Eighth, and Fourteenth Amendments to  the United States Constitution as hereinafter is more fully appears, jurisdiction is founded upon 28 U.S.C. § 1331(a).

LEONARD is now, and at all times herein mentioned has been a resident of the State of Oregon, County of Umatilla Oregon at the Two Rivers Correctional Institution.

In accordance with the P.L.R.A., LEONARD has attempted to file grievances on this issue. Those grievance were denied, and has been completed to the extent possible considering the interferrance, threats and intimidation by State correctional official's.

II.

**Plaintiff:** GLENN ELLIOTT LEONARD

**SSN#** 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

**ADDRESS:** 82911 Beach Access Rd., Umatilla, Oregon 97882

**Defendant(s):**

COLLETTE PETERS, is employed as the Director of Corrections at 2475 Center St. NE., Salem, Oregon 97301;

42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT

DAVE PEDRO is employed at the Department of Corrections as
the (now former) Operations Captain at TRCI.

[ ]ARCHER, is employed at the Department of Corrections as
a correctional leutendant at TRCI. He has since assumed the
position of Opperations Captain when PEDRO left TRCI.

STEVE BRUCE, is employed at the Department of Corrections as
a correctional sgt, and was the TRCI Housing Sgt at all times
in litigation.

### III.

#### JURISDICTIONAL AMOUNT

This is a civil action under 42 U.S.C. §1983 and the
sum amount in question exceeds $10,000.00.

### IV.

#### TORT NOTICE

LEONARD complied with the State of Oregon Tort Notice
requirements when he gave notice on February 23,2017, and
Amended Notice on July 17,2017, in accordance with Oregon
Revised Statute 30.260.

### V.

#### (Color of Law Statement)

At all times herein mentioned, the collective state agents
were the agents of the State of Oregon, servant, and employee
acting within the scope, course and authority of said agency,
service, and employment, unless otherwise specified.

42 USC § 1983

### CLAIM 1:

ON AND BETWEEN DECEMBER 23,2016, AND FEBRUARY 10,2017, THE STATE OF OREGON, BY AND THROUGH ITS EMPLOYEES AT **THE DEPARTMENT OF CORRECTIONS,** ACTED WITH DELIBERATE INDIFFERANCE TO THE SAFETY OF MR.LEONARD, WHEN STATE AGENTS PLACED THE PLAINTIFF INTO A MORE DANGEROUS SITUATION , BY PLACING THE PLAINTIFF INTO HARMS-WAY AND THEN REFUSED, AFTER BEING NOTIFIED OF THAT DANGER, TO RENDER ASSISTANCE AND MOVE THE PLAINTIFF, CONTRARY TO THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, BY THE EVENTS THAT FOLLOWS:

### CLAIM 2:

DURING THE AFOREMENTIONED DATES, THE DIRECTOR OF CORRECTIONS, **COLLETTE PETERS,** FAILED TO UPHOLD HER STATUTORY DUTY UNDER ORS 423.075(5)(d) TO PROTECT MR.LEONARD, WHICH RESULTED IN PHYSICAL AND PSYCHOLOGICAL INJURY AND ECONOMIC DAMAGES, WHEN THE PLAINTIFF'S EYE-GLASSES WERE BROKEN, AND NON-ECONOMIC DAMAGES.

### CLAIM 3:

DURING THE AFOREMENTIONED DATES, AND AT TRCI, INMATE HOUSING SGT., **STEVE BRUCE,** AFTER PLACING MR.LEONARD ONTO AN ACTIVE GANG-UNIT, REFUSED TO MOVE THE PLAINTIFF AFTER BEING NOTIFIED SEVEN (7) TIMES OF THE IMMINENT DANGER OF HARM FACING

42 USC § 1983

MR.LEONARD, WHICH LED TO MR.LEONARD BEING <u>MENACED</u> ON
FEBRUARY 4,2017, AND THEN ASSAULTED ON FEBRUARY 10,2017,
IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS, AND
FEDERAL LAWS THROUGH  THE US SUPREME COURT.

### CLAIM 4:

ON FEBRUARY 10,2017, **STEVE BRUCE**, ACTING AS THE TRCI
HOUSING SGT., RE-ASSIGNED THE INMATE WHO HAD COMMITTED A PRIOR
CRIME AGAINST MR.LEONARD JUST 6-DAYS BEFORE, BACK ONTO THE SAME
HOUSING UNIT, WHICH RESULTED IN MR.LEONARD BEING PHYSICALLY
ASSAULTED BY THE PERPETRATOR OF THAT PRIOR CRIME, IN
VIOLATION OF OREGON CONSTITUTION ARTICLE 1 § 42/43(1), AND
OF THE USCA 14 (LIBERTY INTEREST), AND (DUE PROCESS).

### CLAIM 5:

AFTER THE ASSAULT OCCURED ON FEBRUARY 10,2017, MR.LEONARD
ATTEMPTED TO GREIVE **STEVE BRUCE**'S UNPROFESSIONAL ACTIONS IN
REFUSING TO MOVE MR.LEONARD, KNOWING THAT HIS SAFETY WAS IN
PERIL. WHEN THE PLAINTIFF REQUESTED TO OBTAIN THE RULES AND
REGULATIONS/POLICIES AND PROCEEDURES (RR/PP), FROM BRUCE, HE
REFUSED AND REFERRED THAT REQUEST TO CAPTAIN PEDRO.  HE IN
TURNED CALLED OUT MR.LEONARD WHERE **PEDRO** WAS VIOLENT, THREATENING
AND INTIMIDATING BECAUSE THE PLAINTIFF WAS ATTEMPTING TO GRIEVE
"ONE OF [HIS] FINE OFFICERS". THIS CONSTITUTED A VIOLATION OF

42 USC § 1983

THE PLAINTIFF'S FIRST AMENDMENT RIGHTS TO PETITION THE

GOVERMENT FOR REDRESS.   IT ALSO VIOLATES 42 U.S.C. §1997e

(P.L.R.A.) AS FILING A GRIEVANCE BEFORE FILING SUIT IS

REQUIRED OF A PRISONER, AND TO INHIBIT THE PLAINTIFF, CAUSED

A PROCEEDURAL DEFAULT, AND IMPEDED THE PLAINTIFF'S RIGHTS

TO REDRESS.   IN SO VIOLATING THESE RIGHTS, **STEVE BRUCE** AND

**DAVE PEDRO** ALSO VIOLATED ODOC POLICY 20.1.3, "TO OBEY ALL

LAWS."


## CLAIM 6:

ON MARCH 30,2017, **PEDRO**, IN RESPONSE FOR THE PP/RR's,

ABUSED HIS AUTHORITY WHEN HE REFUSED TO PROVIDE THE REQUESTED

PP/RR's IDENTIFICATION NUMBERS SO THAT MR.LEONARD COULD LOOK

THEM UP, HE HAD STATED: "IT ISN'T A RULE, POLICY OR OAR

(THATS THE RULE)", WHICH WAS AN ABUSE OF AUTHORITY BECAUSE HE

WAS PREVENTING MR.LEONARD FROM COMPLYING WITH 42 U.S.C.§1997e

(P.L.R.A.)(FEDERAL LAW), WHICH IN TURN CAUSED A IMPEDIMENT

TO THE PLAINTIFF'S ABILITY TO ACCESS THE COURTS, (USCA 1), IN

FURTHER VIOLATION OF ODOC POLICY 20.1.3. "TO OBEY ALL LAWS".


## CLAIM 7:

ON APRIL 14,2017, **PEDRO**, IN RESPONSE FOR CLARIFICATION

ON HIS PRIOR RESPONSE, ABUSED HIS AUTHORITY WHEN HE THREATENED

MR.LEONARD WITH "ALTERNITIVE HOUSING" AND LAUNCHED INTO A


42 U.S.C. § 1983

VIOLENT RANT ABOUT HIS "FINE OFFICER'S", AND HOW HE WAS
DISGUSTED BY INMATES IN GENERAL.  THIS FURTHER VIOLATED
USCA 1, AND ALSO THE EIGHTH AMENDMENT'S PROHIBITION AGAINST
CRUEL AND UNUSUAL PUNISHMENT AS THREATENING TO PLACE MR.LEONARD
INTO "ALTERNITIVE HOUSING", (MEANING ANOTHER GANG UNIT OR DSU),
WITHOUT A "LEGITIMATE PENOLOGICAL OBJECTIVE", IS PROHIBITED.
HIS ACTIONS ALSO VIOLATED ODOC POLICY 20.1.3.

8.

ON APRIL 24,2017, **PEDRO**, CALLED MR.LEONARD TO SECURITY
OPERATIONS AFTER BEING NOTIFIED THAT THE PLAINTIFF HAD FILED A
NOTICE OF TORT. PEDRO WAS THREATENING AND INTIMIDATING TOWARDS
MR.LEONARD.  AT THE CONCLUSION OF A ONE-SIDED YELL-FEST, AND AS
MR.LEONARD WAS WALKING BACK DOWN THE HALL TO HIS UNIT, PEDRO
YELLED, "DON'T YOU EVER ASK ME OR ANY OF MY STAFF FOR ANYTHING."
THIS IS FURTHER DETAILED IN THE AFFIDAVIT IN SUPPORT.

9.

ON MAY 2,2017, MR.LEONARD WROTE TO **PEDRO** TO INQUIRE ABOUT
AN INMATE CONFLICT REPORT (ICR),  THAT WAS REFFERED TO LT.ARCHER,
WHO WORKS UNDER PEDRO.  THE ICR, ODOC POLICY 40.1.12, WAS DENIED
WITHOUT BEING PROCESSED.  THIS VIOLATED ODOC POLICY 40.1.12 (III)
(c), AND ALSO ODOC POLICY 20.1.2, AS THIS DENIAL WAS (1) A
FULFILLMENT OF PEDRO'S "DON'T ASK MY STAFF FOR ANYTHING", THREAT,
AND (2) WAS IN RETALIATION FOR FILING A GRIEVANCE, AND THEN A
NOTICE OF TORT WHICH IN TURN VIOLATED MR.LEONARD'S

42 U.S.C. § 1983

USCA 1 RIGHTS TO PETITION THE COURTS WITHOUT FEAR OF
RETALIATION.  THIS ICR WAS VALID, BECAUSE ON SEPTEMBER 22,2017,
THE SECOND ICR, WHICH WAS ALSO INITIALLY DENIED, WAS
"RE-INVESTIGATED", AND APPROVED AFTER PEDRO WAS TRANSFERED
OUT OF TRCI, AND LT.ARCHER WAS PROMOTED TO OPERATIONS
CAPTAIN.

## 10.

ON AUGEST 22,2017, **PEDRO** CALLED MR.LEONARD OUT TO SECURITY
OPERATIONS AFTER THE PLAINTIFF FILED A COMPLAINT WITH ODOC
HQ SALEM, ALLEGING THAT THE ICR'S WERE NOT BEING PROCESSED IN
ACCORDANCE WITH ODOC POLICY.  MICHAEL GOWER, ASSISTANT DIRECTOR
OF  OPERATIONS DIVISION CONTACTED PEDRO, (WHO THE COMPLAINT
WAS AGAINST), AND HAD HIM INVESTIGATE HIMSELF AND LT.ARCHER.
BESIDE BEING BAD JUDGEMENT, IT WAS AN ABUSE OF AUTHORITY FOR
PEDRO TO CONDUCT THIS INQUIRY.  DURING THAT 'CONTACT', PEDRO
THREATENED TO HOLD MR.LEONARD "ACCOUNTABLE" FOR VIOLATION
OF HIS 'DIRECTIVE' TO NOT ASK HIS STAFF FOR ANYTHING, WHICH
IN HIS MIND INCLUDED THE ICR AND COMPLAINING ABOUT HIS ACTIONS.

## CONCLUSION

Mr.Leonard has an expectation, or duty owed to him for all
ODOC employee's to comply with and "obey all laws of the United
States, State of Oregon and local jurisdictions, and not violate

42 U.S.C. § 1983

any policy, rule, proceedure, regulation, directive or order of the Department."

These State agents, acting on the behalf of the State of Oregon, and the Department of Corrections, violated Mr.Leonard's rights under all of these provisions ~~as well as will be further set forth in the memorandum of law~~.

## PRAYER

Mr.Leonard is seeking $500,000.00 for each defendant for the violation of his federally protected rights;

Mr.Leonard is seeking additional redress compensation for the replacement of his eye-glasses and the damage to his vision by going without a proper presecription for so long in the amount of $50.00; plus medical expense for treatment.

Mr.Leonard is further seeking non-economic damages in the amount of $500,000.00 for each defendant for the psychological trauma that each defendant forced upon Mr.Leonrd;

AND Mr.Leonard is seeking special damages for the future mental-health care and treatment, (in-patient or out-patient), for ongoing PTSD trauma care related to this series of violations in the amount of 1.5 million.

And in conclusion, Mr.Leonard is seeking the cost of

42 U.S.C. § 1983

prosecuting this civil complaint.


DATED: *May 16, 18*


                                        _Glenn E. Leonard_
                                        Glenn E. Leonard
                                        Plaintiff pro se


FURTHERMORE- the plaintiff seeks leave to amend this Complaint

if circumstances arise in which the State of Oregon, either

by and through other non-defendant ODOC official's, or

by any of the defendant's directly, to cause retaliation

against Mr.Leonard in any format or act as a result of the

civil proceedings, or to cause the tampering with communications

with the court or counsel, or tampering with legal mail, or

tampering with legal documents in the plaintiff's possession

or any acts designed for the purpose of inhibiting the

plaintiff's uninhibited access to the courts, so that the

plaintiff can add additional claims of his First, Eighth

and Fourteenth Amendment rights, and to petition this Court

for injunctive relief against the defendant's for their

unlawful acts.


DATED: May 16,2018


                                        _Glenn E. Leonard_
                                        Glenn E. Leonard
                                               plaintiff pro se


42 U.S.C. § 1983