Glenn E. Leonard
*SID#6652617*
*82911 Beach Access Road*
*Umatilla, Oregon 97882*



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

GLENN E. LEONARD,

        Plaintiff,

COLLETTE PETERS, Director of the Oregon
Department of Corrections;
DAVID PEDRO, Former Operations Captain at
Two Rivers Correctional Institution,
ADAM ARCHER, Former Correctional
Lt. at Two Rivers Correctional Institution,
STEVE BRUCE, Former T.R.C.I. Housing Sgt.
M. GIBSON, Correctional
Officer;

        Defendants.

Case No.2:18-cv-00893-AC

**SECOND AMENDED
SUPPLEMENTAL PRISONER
CIVIL RIGHTS COMPLAINT
UNDER
42 U.S.C.§1983**

**JURY TRIAL DEMANDED**

**PG.1-FIRST AMENDED SUPPLEMENTAL PRISONER CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. § 1983**

## LR 7-1 CERTIFICATIONS

A. In compliance with this Rule, the parties made a good faith effort through LETTER to resolve the dispute and have been unable to do so; and

B. The opposing party willfully refused to confer; and
C. The moving party is a prisoner not represented by counsel.

This Amendment is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

## I.
### JURISDICTIONAL ALLEGATION IN ACTION BROUGHT PURSUANT TO
### 28 U.S.C. § 1331 AND 1343

This action arises under the First, Eighth, and Fourteenth Amendments to the United States Constitution as hereinafter is more fully appears, jurisdiction is founded upon 28 U.S.C. § 1331(a).

Mr. Leonard is now, and at all times herein mentioned has been a resident of the State of Oregon, County of Umatilla Oregon at Two Rivers Correctional Institution.

In accordance with the P.L.R.A., Mr. Leonard has attempted to file grievance's on these issues. Those grievance's were denied , and has been completed to the extent possible considering the interference, threats and intimidation by state correctional official's. Mr. Leonard was barred by the 30-day rule to be able to file a grievance against Mr. M. Gibson, because of the defendant's withholding of the evidence that lead to the plaintiff's knowledge of the extent of the harm caused by this defendant's

conduct. Under agency rules, a grievance must be filed within 30-days of the date of the incident. Therefore-- the defendant and ODOC inhibited the plaintiff from filing a grievance.

## I.

**Plaintiff:**

GLENN ELLIOTT LEONARD

SSN#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

ADDRESS: 82911 Beach Access Rd., Umatilla, Oregon 97882

**Defendant's:**

COLLETTE PETERS, is employees as the Director of Corrections at 2575 Center St., NE, Salem, Oregon;

DAVID PEDRO, as the (now former) Operations Captain at TRCI; he is now employed as the Assistant Superintendent of Eastern Oregon Correctional Institute in Pendleton, Oregon;

ADAM ARCHER, was employed as a correctional lt. at TRCI, at 82911 Beach Access Rd, Umatilla, Oregon 97882, he is now a captain at T.R.C.I.;

STEVE BRUCE is employees as a correctional sergeant at TRCI at 82911 Beach Access Rd, Umatilla, Oregon, and was the TRCI Housing Sgt. At all times in litigation.

Mr. M. Gibson is employed as a correctional officer at T.R.C.I. At 82911 Beach Access Rd, Umatilla, Oregon 97882.

ALL DEFENDANT'S ARE BEING SUED IN THEIR INDIVIDUAL CAPACITY.

## III.

This is a civil action under 42 U.S.C. § 1983 and the sum amount in question exceeds $10,000.00.

## IV.

## TORT NOTICE

Mr. Leonard complied with the State of Oregon Tort Notice requirements when he gave notice on February 23, 2017, and Amended Notice on July 17,2017, in accordance with Oregon Revised Statute 30.260. The plaintiff filed a Notice of Tort related to M. Gibson on April 18, 2019.The evidence against this defendant was obtained through the sister case to this case in: LEONARD V STATE OF OREGON/O.D.O.C., Umatilla County Circuit Court Case No.18-cv-25083.

## V.

## (COLOR OF LAW STATEMENT)

At all times herein mentioned, the collective state agents were the agents of the State of Oregon, servant, and employee acting within the scope, course and authority of said agency, service, and employment, unless otherwise specified.

# VI.

## CLAIMS SECTION

### CLAIM 1:

ON AND BETWEEN DECEMBER 23,2016, AND SEPTEMBER 22, 2017, THE STATE OF OREGON, BY AND THROUGH IT'S EMPLOYEE'S AT THE DEPARTMENT OF CORRECTIONS, ACTED NEGLIGENT AND WITH DELIBERATE INDIFFERENCE TO THE SAFETY OF MR. LEONARD, WHEN STATE AGENTS PLACED THE PLAINTIFF INTO A MORE DANGER AND THEN REFUSED, AFTER BEING NOTIFIED OF THAT DANGER, TO RENDER ASSISTANCE AND MOVE THE PLAINTIFF, CONTRARY TO THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

AND THEN THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN AGENTS ACTED IN RETALIATION AGAINST THE PLAINTIFF'S EXERCISE OF HIS PROTECTED RIGHTS WHICH WAS CONTRARY TO STATE LAW UNDER *DOYLE V CITY OF MEDFORD* AND *STEWARD V JEFFERSON PLYWOOD CO.,* BY THE EVENTS THAT FOLLOWS:

**I NOW SEEK THAT LEAVE TO AMEND THE COMPLAINT, DUE TO THE DEFENDANTS INTENTIONAL WITHHOLDING OF EVIDENCE IN THIS CASE, THE WILLFUL DESTRUCTION OF EVIDENCE AND CALLOUS DISREGARD AND DEPRAVITY TO MR. LEONARD'S PSYCHOLOGICAL HEALTH. MR. LEONARD IS MODIFYING THE RELIEF SOUGHT TO BETTER REFLECT EACH PARTICULAR EVENT THAT EACH DEFENDANT PARTOOK IN.**

## CLAIM 2:

ON DECEMBER 23, 2016, <u>STEVE BRUCE</u> ACTED WITH NEGLIGENT, CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD IN VIOLATION OF THE EIGHTH AMENDMENT WHEN HE DISREGARDED A KNOWN DANGER TO THE PLAINTIFF AND HOUSED MR. LEONARD ONTO A HOUSING UNIT WITH DOCUMENTED ACTIVE GANG MEMBERS (UNIT-7), WITH HISTORICAL KNOWLEDGE THAT MR. LEONARD WOULD BE ASSAULTED AND POTENTIALLY INJURED BY THE WHITE GANG-MEMBERS ON THAT UNIT, AFTER WHICH THE PLAINTIFF NOTIFIED THIS DEFENDANT IN WRITTING, IN PART: "*.....I AM BEING THREATENED CONTINUALLY. I AM NOT PERMITTED TO GO TO DAY ROOM, YARD OR USE THE TELEPHONE UNDER DIRECT THREAT OF PHYSICAL ASSAULT BY THE WHITE GANG MEMBERS. I AM IN FEAR FOR MY SAFETY.....*"

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 3:

ON JANUARY 3, 2017, <u>**STEVE BRUCE**</u> ACTED WITH NEGLIGENT, CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, IN VIOLATION OF THE EIGHTH AMENDMENT AND EVEN AFTER HE HAD BEEN PROVIDED WITH WRITTEN NOTICE OF THAT DANGER HE CHOSE TO IGNORED THAT DANGER. THE PLAINTIFF THEN WROTE A CD214 COMMUNICATION WHICH STATED, IN PART : *".....I AM STILL BEING THREATENED. EVERY TIME I COME BACK OR GO TO THE SHOWERS, I HAVE TO WALK RIGHT BY THE WHITE GANG TABLE AND EVERY DAY I AM THREATENED TO HAVE MY 'PUNK ASS BEAT DOWN.', I AM TOLD THAT 'THE PIGS WON'T GET OUT HERE IN TIME TO SAVE YOUR ASS'. 'WE'LL SHANK YOU BITCH'. 'WHEN YOU LEAST EXPECT IT WE WILL DROP YOU'......"*

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

**CLAIM 4:**

ON JANUARY 10, 2017, **STEVE BRUCE** ACTED WITH NEGLIGENT, CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, IN VIOLATION OF THE EIGHTH AMENDMENT AND EVEN AFTER HE HAD BEEN PROVIDED WITH WRITTEN NOTICE OF THAT DANGER HE CHOSE TO IGNORED THAT DANGER. THE PLAINTIFF THEN WROTE A CD214 COMMUNICATION WHICH STATED, IN PART : *".....THIS LAST WEEK THE WHITE GANG MEMBERS HAVE RAMPED UP THEIR INTIMIDATION TO INCLUDE FAUX SWINGS AT ME. EVENTUALLY THERE NOT GOING TO BE FAUX ASSAULTS BUT VERY REAL. IS THIS WHAT YOU WANT? I AM LOCK AWAY IN MY CELL 22-1/2 HOURS A DAY, EVERY DAY. THIS IS NOT A SUSTAINABLE MODEL OF LIFE..........."*

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

**CLAIM 5:**

ON JANUARY 17, 2017, **STEVE BRUCE** ACTED WITH NEGLIGENT, CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, IN VIOLATION OF THE EIGHTH AMENDMENT AND EVEN AFTER HE HAD BEEN PROVIDED WITH WRITTEN NOTICE OF THAT DANGER HE CHOSE TO IGNORED THAT DANGER. THE PLAINTIFF THEN WROTE A CD214 COMMUNICATION WHICH STATED, IN PART : *".... I AM CONSTANTLY BEING HARASSED AND THREATENED BY THE GANG IN UNIT 7. I AM NOT A GANG MEMBER. I SHOULD NOT BE IN A GANG UNIT. I DO NOT HAVE A SERIOUS MISCONDUCT HISTORY THAT WOULD WARRANT BEING PLACED ON A SECURITY THREAT MANAGEMENT UNIT...."*

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 6:

ON JANUARY 24, 2017, __STEVE BRUCE__ ACTED WITH NEGLIGENT, CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, IN VIOLATION OF THE EIGHTH AMENDMENT AND EVEN AFTER HE HAD BEEN PROVIDED WITH WRITTEN NOTICE OF THAT DANGER HE CHOSE TO IGNORED THAT DANGER. THE PLAINTIFF THEN WROTE A CD214 COMMUNICATION WHICH STATED, IN PART : *"....I AM BEGGING YOU. WHAT DO YOU WANT FROM ME? I AM SO STRESSED OUT THAT I AM GOING TO BE JUMPED AT MEALS. THAT EVERY TIME THE CELL DOOR COMES OPEN AT LINE MOVEMENT THAT SOMEONE IS GOING TO COME RUNNING TO ASSAULT EITHER MYSELF OR MY DISABLED CELLIE........."*

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 7:

ON JANUARY 30, 2017, **STEVE BRUCE** ACTED WITH NEGLIGENT, CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, IN VIOLATION OF THE EIGHTH AMENDMENT AND EVEN AFTER HE HAD BEEN PROVIDED WITH WRITTEN NOTICE OF THAT DANGER HE CHOSE TO IGNORED THAT DANGER. THE PLAINTIFF THEN WROTE A CD214 COMMUNICATION WHICH STATED, IN PART : *"......I HAVE WRITTEN YOU OVER AND OVER NOTIFYING YOU OF THE IMMINENT DANGER. I AM IN (SIC){DANGER} BECAUSE YOU PUT ME IN A GANG UNIT. I HAVE TALKED TO MY UNIT OFFICER ASKING THEM TO HELP GET OFF THE UNIT AND THEY INFORM ME THAT I HAVE TO GO THROUGH YOU OR I COULD REFUSE TO CELL IN. DO I HAVE TO ACTUALLY BREAK ANOTHER RULE AND GO TO DSU TO GET OFF THIS UNIT? PLEASE MOVE ME BEFORE IT'S TOO LATE."*

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 8:

ON FEBRUARY 4, 2017, HARLEY SCOTT CRUMP, SID#19580152 CAME ACROSS THE DAY ROOM FOR THE SPECIFIC PURPOSE OF ENTERING MR. LEONARD'S CELL TO CAUSE SERIOUS PHYSICAL INJURY. UNDER THE OREGON REVISED STATUTE THIS ACT CONSTITUTED MENACING UNDER 163.190.

HARLEY SCOTT CRUMP WAS TAKEN TO THE DISCIPLINARY SEGREGATION UNIT. STEVE BRUCE ACTED WITH NEGLIGENT, CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD IN VIOLATION OF THE EIGHTH AMENDMENT BECAUSE HE CHOSE TO IGNORED THAT DANGER.

ON FEBRUARY 5, 2017 THE PLAINTIFF WROTE A CD214 COMMUNICATION WHICH STATED, IN PART : *"WHAT I HAVE BEEN TELLING YOU WOULD HAPPEN, HAS HAPPENED. SOME YOUNG GANG BANGER TRIED RUNNING UNIT MY CELL YESTERDAY. THE ONLY REASON HE DIDN'T SUCCEED WAS THAT THE C/O WAS FAST ON THE CELL-DOOR. WHAT IF THE C/O DIDN'T CATCH IT IN TIME? OR IS THIS WHAT YOU WANT?...."*

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 9:

ON JANUARY 9, 2017, <u>**STEVE BRUCE**</u> ACTED WITH NEGLIGENT, CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, IN VIOLATION OF THE EIGHTH AMENDMENT AND EVEN AFTER HE HAD BEEN PROVIDED WITH WRITTEN NOTICE OF THAT DANGER HE CHOSE TO IGNORED THAT DANGER. THE PLAINTIFF THEN WROTE A CD214 COMMUNICATION WHICH STATED, IN PART : *"..........THE HARASSMENT AND THREATS HAVE NOT LET UP. IT'S ONLY A MATTER OF TIME. PLEASE MOVE ME <u>BEFORE</u> IT IS TOO LATE."* THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 10:

THEN ON FEBRUARY 10, 2017, DEFENDANT **STEVE BRUCE** AS THE ACTING TRCI HOUSING SERGEANT, RE-HOUSED INMATE CRUMP BACK ONTO UNIT 7, WHILE MR. LEONARD WAS STILL HOUSED ON THAT UNIT, AND WITHOUT ANY WARNING AND MOTIVATED WITH EVIL INTENT STEVE BRUCE NEGLIGENTLY PROVIDED UNFETTERED ACCESS TO MR. LEONARD BY HARLEY SCOTT CRUMP---THE INMATE WHO HAD 6-DAYS PRIOR EXHIBITED VIOLENT INTENT TO CAUSE INJURY TOWARDS MR. LEONARD.

THEN 2-1/2 HOURS LATER, INMATE HARLEY SCOTT CRUMP VIOLENTLY ASSAULTED MR. LEONARD IN A GANG-LAND INSPIRED HIT WHICH CAUSED MR. LEONARD TO BE STRUCK 15+ TIMES ABOUT THE HEAD AND NECK, RESULTING IN HEAD TRAUMA AND HIM BREAKING THE PLAINTIFF'S EYE GLASSES.

(MR. LEONARD HAD CERVICAL SURGERY IN 2012 AS A RESULT OF ANOTHER ATTACK THAT OCCURED IN 2008, SO THERE WAS A STRONG PRESUMPTION THAT MR. LEONARD'S NECK COULD HAVE BEEN SERIOUSLY INJURED. )

THIS CONSTITUTED ASSAULT 4 UNDER THE OREGON REVISED STATUTES 163.160[1], (AND WAS VERIFIED BY THE STATE POLICE AS ASSAULT 4 BY THE DEFENDANT'S OWN EVIDENCE) IN VIOLATION OF THE EIGHTH AMENDMENT. THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

---

[1]
163.160 Assault in the fourth degree.
(1) A person commits the crime of assault in the fourth degree if the person:
(a) Intentionally, knowingly or recklessly causes physical injury to another;
(b) With criminal negligence causes physical injury to another by means of a deadly weapon; or
(c) With criminal negligence causes serious physical injury to another who is a vulnerable user of a public way, as defined in ORS 801.608, by means of a motor vehicle.
(2) Assault in the fourth degree is a Class A misdemeanor.

**PG.14-FIRST AMENDED SUPPLEMENTAL PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983**

## CLAIM 11:

MR. LEONARD, AS A RESULT OF THE ACTS BY STEVE BRUCE, HAS BEEN DIAGNOSED, IN PART DUE TO THIS ASSAULT, AND THESE CONSTITUTIONAL DEPRIVATIONS WITH POST-TRAUMATIC DISTRESS DISORDER.

MR. LEONARD IS UNDER CONSTANT PSYCHOLOGICAL AND PSYCHIATRIC CARE AND IS UNDER AN EVER INCREASING MEDICATION REGIMENT. MR. LEONARD IS ASSERTING A PSYCHOLOGICAL INJURY CLAIM IN THIS MATTER.


## CLAIM 12:

DURING THE PERIOD IN QUESTION, DECEMBER 23, 2016 TO FEBRUARY 10, 2017, **COLLETTE PETERS**, AS THE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS, HAS A STATUTORY DUTY UNDER ORS 423.075(5)(D)[2] TO PROTECT ALL PRISONERS WITHIN THE DEPARTMENT.

SHE FAILED HER DUTY UNDER THIS STATUTE AND THEREBY MR. LEONARD WAS SERIOUSLY INJURED WITH HEAD TRAUMA, HIS EYE-GLASSES WERE BROKEN, AND HE WAS PSYCHOLOGICALLY TRAUMATIZED.

THIS STATUTE GO'S DIRECTLY TO THE U.S. CONSTITUTIONAL GUARANTEE'S THAT ARE ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW.

ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF

---

[2]

423.075 Director; appointment; duties; rules.

(d) Provide for the safety of all prisoners in the custody of the department and may adopt rules for the government and administration of the department.

PRISONER'S WITHIN THEIR CUSTODY.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.


## CLAIM 13:

ON JANUARY 30, 2017, **COLLETTE PETERS** ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, EVEN AFTER SHE HAD BEEN PROVIDED WITH WRITTEN NOTICE OF THAT DANGER AND SHE CHOSE TO IGNORED THAT DANGER. THE PLAINTIFF WROTE A CD214 COMMUNICATION WHICH STATED, IN PART : *" I HAVE WRITTEN SGT. BRUCE SIX (6) CD214'S DETAILING THE DANGEROUS SITUATION THAT I WAS IN BEING HOUSED ON UNIT 7.*

*I AM ENCLOSING A COPY OF THOSE CD214'S.*

*AS MY KYTES TO SGT. BRUCE STATE, I AM FEARFUL OF WHAT IS GOING TO HAPPEN. I HAVE DISCUSSED THIS MATTER WITH THE UNIT OFFICER'S AND HAVE BEEN TOLD TO "KYTE INMATE HOUSING", WHICH I HAVE DONE REPETITIVELY.*

*WOULD YOU PLEASE INTERCEDE IN MY BEHALF BEFORE SOMETHING REALLY BAD HAPPENS AND I AM HURT?"*

PG.16-**FIRST AMENDED SUPPLIMENTAL PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983**

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

### CLAIM 14:

FEBRUARY 5, 2017, **COLLETTE PETERS** ACTED WITH NEGLIGENT, CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, EVEN AFTER SHE HAD BEEN PROVIDED WITH WRITTEN NOTICE OF THAT DANGER AND SHE CHOSE TO IGNORED THAT RISK OF HARM TO MR. LEONARD AFTER HARLEY SCOTT CRUMP ATTEMPTED TO COME INTO MR. LEONARD'S CELL TO CAUSE MR. LEONARD SERIOUS PHYSICAL HARM.

SHE THEN CHOSE TO NEGLIGENTLY, RECKLESSLY AND CALLOUSLY DISREGARD WITH DELIBERATE INDIFFERENCE TO MR. LEONARD'S FEDERALLY PROTECTED RIGHTS, TO IGNORE THAT WARNING.

A CD214 WAS WRITTEN THEREAFTER, WHICH STATED, IN PART : *"THIS IS A FOLLOWUP TO THE LAST CD214 WRITTEN ON JANUARY 30,2017. A GANG MEMBER ATTEMPTED TO RUN INTO MY CELL TO FOLLOW THROUGH WITH THE VERBAL THREATS MADE EARLIER IN THE DAY. HIS INTENT WAS TO "BEAT ME DOWN". FORTUNATELY THE*

*UNIT OFFICER SAW IT AND CLOSED THE DOOR IN HIS FACE. I AM ALSO ENCLOSING A COPY OF THE CD214 WRITTEN TO SGT. BRUCE. I AM SCARED TO DEATH."*

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.


### CLAIM 15:

FEBRUARY 9, 2017, **COLLETTE PETERS** ACTED WITH NEGLIGENT, CALLOUS AND DILIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, AND EVEN AFTER SHE HAD BEEN PROVIDED WITH WRITTEN NOTICE OF THAT DANGER AND SHE CHOSE TO IGNORED THAT DANGER. THE PLAINTIFF WROTE A CD214 COMMUNICATION WHICH STATED, IN PART :

*"THIS IS A FOLLOWUP TO THE CD214'S DATED JANUARY 30TH AND FEBRUARY 5TH. SINCE THE 5TH THE THREATENING BEHAVIOR, THE "FALSE STARTS" (LUNGING TOWARDS ME)(PULLING PUNCHES) IS/HAS INCREASED. STAFF ARE INTENTIONALLY IGNORING THIS BEHAVIOR, WHICH IS EMPOWERING FURTHER VIOLENCE. WILL YOU PLEASE ACT?"*

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND

FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 16:

ON FEBRUARY 10,2017, **COLLETTE PETERS**, BECAUSE OF HER CALLOUS DISREGARD, SHE ALLOWED, THROUGH HER FAILURE TO DIRECT HER SUBORDINATE , AND BEFORE RELEASING HARLEY SCOTT CRUMP, (SID#19580152) FROM THE DISCIPLINARY SEGREGATION UNIT,AND BEFORE ALLOWING PROVIDING UNFETTERED ACCESS BY HARLEY SCOTT CRUMP TO CAUSE SERIOUS PHYSICAL INJURIES TO MR. LEONARD, SHE WILLFULLY AND INTENTIONALLY ACTED WITH NEGLIGENTS AND DELIBERATE INDIFFERENCE TO THE HEALTH AND SAFETY OF THE PLAINTIFF'S INTEREST IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENT, AND STATE LAW AND CAUSED MR. LEONARD'S TO BE PHYSICALLY INJURED AND HIS EYE GLASSES TO BE BROKEN.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS

ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 17:

MR. LEONARD, AS A RESULT OF THE ACTS BY COLLETTE PETERS HAS BEEN DIAGNOSED, IN PART DUE TO THIS ASSAULT AND THESE CONSTITUTIONAL DEPRIVATIONS WITH POST-TRAUMATIC DISTRESS DISORDER.

MR. LEONARD IS UNDER CONSTANT PSYCHOLOGICAL AND PSYCHIATRIC CARE AND IS UNDER AN EVER INCREASING MEDICATION REGIMENT.

MR. LEONARD IS ASSERTING A PSYCHOLOGICAL INJURY CLAIM IN THIS MATTER.

## CLAIM 18:

ON MARCH 30, 2017, **DAVID PEDRO** CAUSED A FIRST AMENDMENT VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN HE REACTED VIOLENTLY TOWARDS MR. LEONARD WHEN THE PLAINTIFF TOLD DAVID PEDRO THAT THE PLAINTIFF SOUGHT INFORMATION IN ORDER TO FILE A GRIEVANCE AGAINST STEVE BRUCE HIS SUBORDINATE, A PROTECTED RIGHT.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S

WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 19:

ON MARCH 30, 2017, **DAVID PEDRO** CAUSED A FIRST AMENDMENT VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN DAVID PEDRO PROVIDED FALSE INFORMATION TO MR. LEONARD THAT CAUSED THE PLAINTIFF TO DEFAULT ON THE ODOC GRIEVANCE PROCESS AND A 42 U.S.C. § 1997e VIOLATION. THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 20:

ON APRIL 18, 2017, **DAVID PEDRO** CAUSED A FIRST AMENDMENT VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN DAVID PEDRO THREATENED THE PLAINTIFF WITH "ALTERNATIVE HOUSING" AS AN ADVERSE ACTION IN RETALIATION OF THE PLAINTIFF'S ACT OF FILING A GRIEVANCE AGAINST STEVE BRUCE;

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 21:

ON APRIL 24, 2017, **DAVID PEDRO** CAUSED A FIRST AMENDMENT VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN DAVID PEDRO THREATENED TO WITHHOLD SECURITY SERVICES FROM THE PLAINTIFF OUT OF RETALIATION FOR THE PLAINTIFF FILING A GRIEVANCE AND ALSO FILING A NOTICE OF TORT.

THIS ACT OF RETALIATION INCLUDED NOT REPLACING OF MY BROKEN EYE-GLASSES EITHER THROUGH SECURITY OPERATIONS OR THROUGH RESTITUTION FROM INMATE

CRUMP.

THIS WOULD SATIFY THE ECONOMIC HARM REQUIREMENT;

## CLAIM 22:

ON MAY 2, 2017, **DAVID PEDRO** CAUSED A FIRST AMENDMENT VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN DAVID PEDRO WITHHELD THE FIRST I.C.R. ODOC POLICY THAT IS DESIGNED TO PROVIDE PROTECTION TO THE PLAINTIFF UNDER ODOC POLICY 40.1.12;(INMATE CONFLICT REPORT), OUT OF RETALIATION FOR MR. LEONARD EXCERCISING HIS U.S. CONSTITUTIONAL RIGHTS.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 23:

ON AUGUST 22, 2017, **DAVID PEDRO** CAUSED A FIRST AMENDMENT VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN DAVID PEDRO THREATENED TO HOLD THE

PLAINTIFF ACCOUNTABLE FOR FILING A INMATE CONFLICT REPORT (I.C.R.) AT THE DIRECTION OF PEDRO'S SUPERVISOR, ASSISTANT SUPERINTENDENT, MR. JACKSON; MEANING THAT THE PLAINTIFF WOULD BE PLACED IN GANG HOUSING OR PLACED IN DISCIPLINARY HOUSING ON FALSE CHARGES. THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 24:

ON AUGUST 22, 2017, **DAVID PEDRO** CAUSED A FOURTEENTH AMENDMENT DUE PROCESS RIGHT VIOLATION WHEN DAVID PEDRO PREVENTED AN INVESTIGATION INTO HIS UNLAWFUL CONDUCT BY CONDUCTING A 'SHAM INVESTIGATION' INTO HIS OWN CONDUCT.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND

ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

**CLAIM 25:**

ON MARCH 17, 2017 **DAVID PEDRO** CAUSED A EIGHTH AMENDMENT VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN HE ENTERED INTO A CRIMINAL CONSPIRACY (ORS 161.450)[3] WITH ADAM ARCHER IN MARCH 2017 TO WITHHOLD SECURITY SERVICES, (ODOC POLICY 40.1.12) FROM MR. LEONARD.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

---

3
161.450 Criminal conspiracy described.
(1) A person is guilty of criminal conspiracy if with the intent that conduct constituting a crime punishable as a felony or a Class A misdemeanor be performed, the person agrees with one or more persons to engage in or cause the performance of such conduct.
(2) Criminal conspiracy is a:
    (a) Class A felony if an object of the conspiracy is commission of murder, treason or a Class A felony.
    (b) Class B felony if an object of the conspiracy is commission of a Class B felony.
    (c) Class C felony if an object of the conspiracy is commission of a Class C felony.
    (d) Class A misdemeanor if an object of the conspiracy is commission of a Class A misdemeanor.

## CLAIM 26:

ON MARCH 17, 2017, **DAVID PEDRO** ENGAGED IN CONDUCT THAT CONSTITUTES A CRIME AND IS DEFINED IN ORS 162.405 TO 162.41( SEE FOOTNOT ON PAGE 29)( OFFICIAL MISCONDUCT), AS THE PLAINTIFFF HAD A RIGHT UNDER STATE STATUTE, (ORS 423.075(5)(d)), AND FEDERAL PRECIDENT, (*FARMER V BRENNAN*), TO BE PROTECTED FROM VIOLENCE AT THE HANDS OF OTHER PRISONERS.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 27:

MR. LEONARD, AS A RESULT OF THE ACTS BY **DAVID PEDRO** HAS BEEN DIAGNOSED, IN PART DUE TO THIS ASSAULT AND THESE CONSTITUTIONAL DEPRIVATIONS BY SENIOR OFFICERS WITH POST-TRAUMATIC DISTRESS DISORDER.

MR. LEONARD IS IN CONSTANT FEAR OF AUTHORITY FIGUARS AS PART OF HIS PTSD TRAUMA.

MR. LEONARD IS UNDER CONSTANT PSYCHOLOGICAL AND PSYCHIATRIC CARE AND IS UNDER AN EVER INCREASING MEDICATION REGIMENT.

MR. LEONARD IS ASSERTING A PSYCHOLOGICAL INJURY CLAIM IN THIS MATTER.

## CLAIM 28:

ON AUGUST 22, 2017 **DAVID PEDRO** CAUSED A FIRST AMENDMENT VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN DAVID PEDRO WITHHELD THE SECOND I.C.R. ODOC POLICY THAT IS DESIGNED TO PROVIDE PROTECTION TO THE PLAINTIFF UNDER ODOC POLICY 40.1.12;(INMATE CONFLICT REPORT), OUT OF RETALIATION FOR THE PLAINTIFF'S EXCERCISING OF HIS US CONSTITUTIONAL RIGHTS.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 29:

ON AUGUST 22, 2017 **DAVID PEDRO** CAUSED A EIGHTH AMENDMENT VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN HE ENTERED INTO A CRIMINAL CONSPIRACY (ORS 161.450)[4] WITH ADAM ARCHER TO WITHHOLD SECURITY SERVICES, (ODOC POLICY

---

4
161.450 Criminal conspiracy described.
(1) A person is guilty of criminal conspiracy if with the intent that conduct constituting a crime punishable as a felony or a Class A misdemeanor be performed, the person agrees with one or more persons to engage in or cause the performance of such conduct.

40.1.12) FROM MR. LEONARD.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 30:

AS A CO-CONSPIRITOR OF ADAM ARCHER, **DAVID PEDRO** IS ALSO LIABLE FOR THE WITHHOLDING OF THE REPLACEMENT OF THE PLAINTIFF'S EYE GLASSES BY EITHER SECURITY SERVICE'S OR THROUGH RESTITUTION BY THE OTHER INMATE. THIS WOULD SATIFY THE ECONOMIC HARM REQUIREMENT.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE

---

(2) Criminal conspiracy is a:
    (a) Class A felony if an object of the conspiracy is commission of murder, treason or a Class A felony.
    (b) Class B felony if an object of the conspiracy is commission of a Class B felony.
    (c) Class C felony if an object of the conspiracy is commission of a Class C felony.
    (d) Class A misdemeanor if an object of the conspiracy is commission of a Class A misdemeanor.

DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 31:

ON MARCH 17, 2017, **ADAM ARCHER** CAUSED AN EIGHTH AMENDMENT VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN HE ENTERED IN TO AN AGREEMENT WITH DAVID PEDRO TO WITHHOLD A ODOC POLICY DESIGNED TO PROTECT THE PLAINTIFF (ODOC POLICY 40.1.12)(INMATE CONFLICT REPORT).

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 32:

ON MARCH 17, 2017, **ADAM ARCHER** ENGAGED IN CONDUCT THAT CONSTITUTES A CRIME AND IS DEFINED IN ORS 162.405[5] TO 162.415[6] ( OFFICIAL MISCONDUCT), AS THE PLAINTIFFF HAD A RIGHT UNDER STATE STATUTE, (ORS 423.075(5)(d))[7], AND FEDERAL PRECIDENT, (*FARMER V BRENNAN*), TO BE PROTECTED FROM VIOLANCE AT THE HANDS OF OTHER PRISONERS. THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

---

5
162.405 Official misconduct in the second degree.
(1) A public servant commits the crime of official misconduct in the second degree if the person knowingly violates any statute relating to the office of the person.
(2) Official misconduct in the second degree is a Class C misdemeanor.

6
162.415 Official misconduct in the first degree.
(1) A public servant commits the crime of official misconduct in the first degree if:
(a) With intent to obtain a benefit or to harm another:
(A) The public servant knowingly fails to perform a duty imposed upon the public servant by law or one clearly inherent in the nature of office; or
(B) The public servant knowingly performs an act constituting an unauthorized exercise in official duties; or
(b) The public servant, while acting as a supervisory employee, violates ORS 162.405 and is aware of and consciously disregards the fact that the violation creates a risk of:
(A) Physical injury to a vulnerable person;
(B) The commission of a sex crime as defined in ORS 163A.005 against a vulnerable person; or
(C) The withholding from a vulnerable person of necessary and adequate food, physical care or medical attention.
(2) Official misconduct in the first degree is a Class A misdemeanor.

7423.075 Director; appointment; duties; rules.

(d) Provide for the safety of all prisoners in the custody of the department and may adopt rules for the government and administration of the department.

## CLAIM 33:

ON OR BETWEEN MARCH 2017 TO SEPTEMBER, 2017, **ADAM ARCHER** CAUSED AN EIGHTH AMENDMENT VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN HE ENTERED IN TO AN AGREEMENT WITH DAVID PEDRO TO WITHHOLD A ODOC POLICY DESIGNED TO PROTECT THE PLAINTIFF (ODOC POLICY 40.1.12)(INMATE CONFLICT REPORT)

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 34:

ON OR BETWEEN MARCH 2017 TO SEPTEMBER, 2017, **ADAM ARCHER** DID CAUSE A FOURTEENTH AMENDMENT LIBERTY INTEREST VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN HE WITHHELD A ODOC POLICY DESIGNED TO PROTECT THE PLAINTIFF WHEN THE PLAINTIFF HAD A LAWFUL RIGHT TO THAT POLICY TO BE APPLIED TO HIM.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND

FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 35:

ON OR BETWEEN MARCH, 2017 TO SEPTEMBER, 2017 **ADAM ARCHER** CAUSED A FOURTEENTH AMENDMENT LIBERTY INTEREST VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, AGAINST MR. LEONARD WHEN HE ENTERED IN TO AN AGREEMENT WITH DAVID PEDRO TO WITHHOLD A ODOC POLICY THAT WAS DESIGNED TO PROTECT THE PLAINTIFF FROM VIOLENCE OF ANOTHER INMATE WHO HAD ALREADY DEMONSTRATED A VIOLENT PROPENCITY TOWARDS THE PLAINTIFF(ODOC POLICY 40.1.12)(INMATE CONFLICT REPORT);

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND

ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 36:

AS A CO-CONSPIRITOR OF DAVID PEDRO, **ADAM ARCHER** IS ALSO LIABLE FOR THE WITHHOLDING OF THE REPLACEMENT OF THE PLAINTIFF'S EYE GLASSES BY EITHER SECURITY SERVICE'S OR THROUGH RESTITUTIN BY THE OTHER INMATE. THIS WOULD SATIFY THE ECONOMIC HARM REQUIREMENT.

## CLAIM 37:

MR. LEONARD, AS A RESULT OF THE ACTS BY ADAM ARCHER HAS BEEN DIAGNOSED, IN PART DUE TO THIS ASSAULT AND THESE CONSTITUTIONAL DEPRIVATIONS BY SENIOR OFFICERS WITH POST-TRAUMATIC DISTRESS DISORDER.

MR. LEONARD IS IN CONSTANT FEAR OF AUTHORITY FIGUARS AS PART OF HIS PTSD TRAUMA.

MR. LEONARD IS UNDER CONSTANT PSYCHOLOGICAL AND PSYCHIATRIC CARE AND IS UNDER AN EVER INCREASING MEDICATION REGIMENT.

MR. LEONARD IS ASSERTING A PSYCHOLOGICAL INJURY CLAIM IN THIS MATTER.

## CLAIM 38:

ON FEBRUARY 10, 2017, M. GIBSON DID UNLAWFULLY AND RECKLESSLY UNDER CIRCUMSTANCES MANIFESTING EXSTREAME NEGLIGENCE AND DELIBERATE INDIFFERANCE TO THE VALUE OF HUMAN LIFE, CAUSE MR. LEONARD TO BE

PHYSICALLY AND PHYCOLOGICALLY TRAUMATIZED WHEN HE DIRECTLY WITNESSED A GANG-LAND TYPE ASSAULT AND DID NOTHING TO ASSIST MR. LEONARD IN VIOLATION OF THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF THE EIGHTH AMENDMENT BECAUSE FOR MR. LEONARD TO BE BEATEN BY ANOTHER PRISONER SERVED NO PENOLOGICAL OBJECTIVE.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

### CLAIM 39:

ON FEBRUARY 10, 2017, AT VIDEO TIMESTAMP 18:21:16, INMATE HARLEY SCOTT CRUMP GOT UP FROM HIS DINING ROOM TABLE AND AT TIMESTAMP 18:21:19, CRUMP STRUCK HIS FIRST BLOW WHILE CORRECTIONAL OFFICER M. GIBSOM STOOD BY FOR 18 SECONDS WHILE HE LOOKED ON AND DID NOTHING TO PROTECT MR. LEONARD.

THIS WAS ALL DOCUMENTED ON VIDEO WHICH CLEARLY DEMONSTARTES THAT THIS OFFICER'S HEAD, AND VISION WAS DIRECTED TOWARDS INMATE CRUMP, WHILE CRUMP STRUCK MR. LEONARD 15+ TIMES.

THIS DEFENDANT FAILED TO PROTECT MR. LEONARD IN VIOLATION OF THE EIGHTH

AMENDMENT BY AND THROUGH HIS NEGLIGENCE AND DELIBERATE INDIFFERANCE.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

### CLAIM 40:

AS AN EMPLOYEE OF THE DEPARTMENT OF CORRECTIONS M. GIBSON SWORE AN OATH TO OBEY ALL LAWS OF THE UNITED STATES, STATE OF OREGON, AND LOCAL JURISDICTIONS, AND SHALL NOT COMMIT OR OMIT ANY ACT WHICH CONSTITUTES A VIOLATION OF ANY POLICY, RULE, PROCEDURE, REGULATION, DIRECTIVE OR ORDER OF THE DEPARTMENT. WHEN HE FAILED TO PROTECT MR. LEONARD, HE VIOLATED HIS DUTY AS AN AGENT OF THE STATE OF OREGON AND WAS NEGLIGENT AND DELIBERATELY INDIFFERENT TO THE SAFETY AND HEALTH OF MR. LEONARD.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE

DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 41:

AS AN EMPLOYEE OF THE DEPARTMENT OF CORRECTIONS M. GIBSON SWORE AN OATH TO AN ESTABLISHED <u>CODE OF CONDUCT</u> WHERE AS IT STATES IN PART: "[A]S AN EMPLOYEE...OF THE DEPARTMENT OF CORRECTIONS I WILL VALUE AND MAINTAIN THE HIGHEST IDEA'S OF PROFESSIONAL AND COMPASSIONATE PUBLIC SERVICE BY RESPECTING THE DIGNITY, CULTRUAL DIVERCITY AND *HUMANE RIGHTS OF ALL PERSONS...*", WHEN M.GIBSON FAILED TO PROTECT MR. LEONARD, BUT INSTEAD STOOD BY AND WATCHED MR. LEONARD BE CRIMINALLY ASSAULTED, M. GIBSON VIOLATED HIS DUTY AS AN AGENT OF THE STATE OF OREGON, AND WAS NEGLIGENT AND DELIBERATELY INDIFFERENT TO THE SAFETY AND HEALTH OF MR. LEONARD.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

**CLAIM 42:**

ON FEBRUARY 10, 2017, M. GIBSON VIOLATED THE PROVISIONS AFORDED MR. LEONARD (BY AND THROUGH *WILSON V SEITER,* 501 US AT 303) AGAINST OTHER INMATES AS A CONDITION OF CONFINEMENT AND SUBJECTS PRISON OFFICIAL'S TO THE STRICKTURES OF THE EIGHTH AMENDMENT.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

**CLAIM 43:**

ON FEBRUARY 10, 2017, M. GIBSON FAILED TO ACT FOR 18 SECONDS THUS PERMITTING PRISONER HARLEY SCOTT RUMP TO CAUSE SIGNIFICANTLY MORE HARM TO MR. LEONARD THAN HAD HE IMMEDIATELY ACTED TO STOP THE ASSAULT . THE EXTENDED HARM DONE TO MR. LEONARD WAS FORESEEABLE AS M. GIBSON WAS STANDING JUST 16 FEET AWAY, AND FACING THE ASSAULT IN PROGRESS WITH NO VISUAL INTERFERENCE. AS A RESULT M. GIBSON EXPOSED MR. LEONARD TO AN UNREASONABLE RISK OF HARM THAT WAS UNWARRENTED CONSIDERING THE CIRCUMSTANCES.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

## CLAIM 44:

ON FEBRUARY 10, 2017 M. GIBSON DID CAUSE A FOURTEENTH AMENDMENT LIBERTY INTEREST VIOLATION ACTED WITH NEGLIGENT CALLOUS AND DELIBERATE INDIFFERENCE TO THE SAFETY AND HEALTH OF MR. LEONARD, WHEN HE FAILED TO PROTECT THE PLAINTIFF WHEN THE PLAINTIFF HAD A LAWFUL RIGHT FOR M. GIBSON TO DO SO UNDER THE EIGHTH AMENDMENT.

THE U.S. CONSTITUTIONAL GUARANTEE'S ESTABLISHED IN THE EIGHTH AND FOURTEENTH AMENDMENT AND SUPPORTED BY YEARS OF FEDERAL CASE LAW. ALL ESTABLISH A DUTY UPON PRISON OFFICIAL'S TO ENSURE THE SAFETY OF PRISONER'S WITHIN THEIR CUSTODY. NO WHERE IN THE CASE LAW DOES IT PROVIDE FOR THIS ACTION OF PROVIDING SAFETY ON THE PART OF PRISON OFFICIAL'S TO BE DISCRETIONARY. THIS ALSO VIOLATED ODOC POLICY 20.1.2 (OATH OF OFFICE) AND ODOC POLICY 20.1.3 (CODE OF CONDUCT), WHICH ESTABLISHED A DUTY TO MR. LEONARD.

**CLAIM 45:**

MR. LEONARD, AS A RESULT OF THE ACTS BY ADAM ARCHER HAS BEEN DIAGNOSED, IN PART DUE TO THIS ASSAULT AND THESE CONSTITUTIONAL DEPRIVATIONS BY SENIOR OFFICERS WITH POST-TRAUMATIC DISTRESS DISORDER.

MR. LEONARD IS IN CONSTANT FEAR OF AUTHORITY FIGUARS AS PART OF HIS PTSD TRAUMA.

MR. LEONARD IS UNDER CONSTANT PSYCHOLOGICAL AND PSYCHIATRIC CARE AND IS UNDER AN EVER INCREASING MEDICATION REGIMENT.

MR. LEONARD IS ASSERTING A PSYCHOLOGICAL INJURY CLAIM IN THIS MATTER.

**Conclusion**

Mr. Leonard has an expectation, or duty owed to him for all ODOC employee's to comply with and "obey all laws of the United States, State of Oregon and local jurisdictions, and not violate any policy, rule, procedure, regulation, directive or order of the Department.

"These State agents, acting on behalf of the State of Oregon, and the Department of Corrections, violated Mr. Leonard's rights under all of these provisions and OAR 291-006-0005(d), which states:

291-006-0005    Authority, Purpose, and Policy

(1) Authority: The authority for this rule is granted to the Director of the Department of Corrections in accordance with ORS 179.040, 423.020, 423.030, and 423.075.
(2) Purpose: The purpose of these rules is to establish Department of Corrections policy and procedures for inmates to obtain internal review, investigation, and resolution of perceived instances of *__unfair discriminatory practices and action by the department__* based on race, gender, color, national origin, religion, age, marital status or *__disability__*.
(3) Policy: Within the inherent limitations of resources and the need to maintain internal security, good order, and discipline in Department of Corrections facilities, the health and safety of inmates, staff and volunteers, and to promote inmate rehabilitation, it is the policy of the Department of Corrections:

(a) That all inmates are treated fairly, equitably, and that staff actions and decisions be consistent with the rules, policies, and procedures of the department.

(b) To permit and encourage inmates to seek resolution of issues or disputes related to perceived instances of discriminatory practices or actions using the departments internal discrimination complaint system established in these rules.

(c) *To promptly and thoroughly investigate any complaint alleging perceived discrimination* and, if appropriate, take measures to resolve the issue.

**(d)** *No person shall be discriminated against, intimated, threatened, coerced, or suffer any form of retaliation or reprisals, because the person has opposed unlawful discrimination, filed a complaint,* testified, assisted, or participated in any manner, in any proceeding regarding unlawful discrimination *or has attempted to do so.*

## REVISED PRAYER

PURSUANT TO *SMITH V WADE*, THE PLAINTIFF, IS SEEKING PUNITIVE DAMAGES AGAINST ALL DEFENDANTS BECAUSE OF THE DEFENDANT'S CONDUCT AS OUTLINED AND IS SHOWN TO BE MOTIVATED BY EVIL MOTIVE OR INTENT, OR WHEN IT INVOLVES RECKLESS OR CALLOUS RIGHTS OF OTHERS. 461 US 31, 56, 103 S.CT. 1626, 75 L.ED.2D. 632 (1983). AS HAS BEEN CLAIMED ABOVE:

**STEVE BRUCE;**

**General Damages:**     $5 Million Dollars

**Economic Damages:**     Mr. Leonard is seeking unspecified economic damages of the cost of new eye glasses or surgical procedures (that is to be determined by a non ODOC eye specialist is of Mr. Leonard choice) to restore his vision to pre-assault condition.

**Non-Economic Damages:**     $5 Million Dollars

**Special Damages:**     Because of Mr. Leonard's fragile psychiatric state, Mr. Leonard is seeking a special account to be established to pay for treatment related care by a civilian psychological doctor,

in the amount of---this defendant's share---in the amount of $1.5 Million in Special Damages.(This account is not chargeable by the State of Oregon or O.D.O.C. For care while incarcerated.)

**Punitive Damages:**     $10 Million Dollars


## COLLETTE PETERS;

**General Damages:**     $3 Million Dollars

**Economic Damages:**     Mr. Leonard is seeking unspecified economic damages of the cost of new eye glasses or surgical procedures (that is to be determined by a non ODOC eye specialist is of Mr. Leonard choice) to restore his vision to pre-assault condition.

**Non-Economic Damages:**  $3 Million Dollars

**Special Damages:**     Because of Mr. Leonard's fragile psychiatric state, Mr. Leonard is seeking a special account to be established to pay for treatment related care by a civilian psychological doctor, in the amount of---this defendant's share---in the amount of $1.5 Million in Special Damages.(This account is not chargeable by the State of Oregon or O.D.O.C. For care while incarcerated.)

**Punitive Damages:**     $10 Million Dollars


## DAVID PEDRO;

**General Damages:**     $5 Million Dollars

**Economic Damages:**     Mr. Leonard is seeking unspecified economic damages of the cost of new eye glasses or surgical procedures (that is to be determined by a non ODOC eye specialist is of Mr. Leonard choice) to restore his vision to pre-assault condition.

**Non-Economic Damages:**  $5 Million Dollars

**Special Damages:**     Because of Mr. Leonard's fragile psychiatric state, Mr. Leonard is seeking

a special account to be established to pay for treatment related care by a civilian psychological doctor, in the amount of---this defendant's share---in the amount of $1.5 Million in Special Damages.(This account is not chargeable by the State of Oregon or O.D.O.C. For care while incarcerated.)

**Punitive Damages:**     $10 Million Dollars


**ADAM ARCHER;**

**General Damages:**     $4 Million Dollars

**Economic Damages:**     Mr. Leonard is seeking unspecified economic damages of the cost of new eye glasses or surgical procedures (that is to be determined by a non ODOC eye specialist is of Mr. Leonard choice) to restore his vision to pre-assault condition.

**Non-Economic Damages:**     $4 Million Dollars

**Special Damages:**     Because of Mr. Leonard's fragile psychiatric state, Mr. Leonard is seeking a special account to be established to pay for treatment related care by a civilian psychological doctor, in the amount of---this defendant's share---in the amount of $1.5 Million in Special Damages.(This account is not chargeable by the State of Oregon or O.D.O.C. For care while incarcerated.)

**Punitive Damages:**     $10 Million Dollars


**M. GIBSON;**

**General Damages:**     $9 Million Dollars

**Economic Damages:**     Mr. Leonard is seeking unspecified economic damages of the cost of new eye glasses or surgical procedures (that is to be determined by a non ODOC eye specialist is of Mr. Leonard choice) to restore his vision to pre-assault condition.

**Non-Economic Damages:**     $9 Million Dollars

**Special Damages:**          Because of Mr. Leonard's fragile psychiatric state, Mr. Leonard is seeking

a special account to be established to pay for treatment related care by a civilian psychological doctor,

in the amount of---this defendant's share---in the amount of $1.5 Million in Special Damages.(This

account is not chargeable by the State of Oregon or O.D.O.C. For care while incarcerated.)

**Punitive Damages:**          $10 Million Dollars


          And in conclusion, Mr. Leonard is seeking the cost of prosecuting this civil complaint.


          This prisoner civil rights complaint is supported with an Affidavit and is attached forthwith.


DATED: April 19, 2019

                              Respectfully Submitted,



                              Glenn E. Leonard
                              *SID#6652617*
                              *82911 Beach Access Road*
                              *Umatilla, Oregon 97882*

## CERTIFICATE OF SERVICE

I certify that on April 19, 2019, I served the foregoing **FIRST AMENDED SUPPLIMENTAL**

**PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983**

upon the parties hereto by the method indicated below, and addressed to the following:


Department of Justice                    _____HAND DELIVERY
ATT:NATHANIEL AGGREY           XX   MAIL DELIVERY
1162 Court St. NE                        _____OVERNIGHT DELIVERY
Salem, Oregon 97301-4096          _____E-MAIL SERVICE


Submitted,

**PG.44-FIRST AMENDED SUPPLIMENTAL PRISONER CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. § 1983**